IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| Carlos A. Ortega, Jr., | ) | 2007 APR 30 P 4 30 |
| Plaintiff, | ) | DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA |
| vs. | ) | Case No. 2:07-CV-368-MHT |
| Stephen Brock; Big Time "Wings" Sports Grill, Inc.; Charles W. Goggins and Fictitious Defendants "A," "B," and "C," officers, persons, corporations, firms or other entities whose wrongful conduct caused the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be added by amendment when ascertained. | ) ) ) ) ) ) ) ) ) ) ) ) | ORIGINAL |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, by and through his undersigned counsel of record hereby complains as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction of this cause of action pursuant 42 U.S.C. §1983 and §1988, 28 U.S.C. §1331 and §1343(a)(3) and (4), and the Fourth and Fourteenth Amendment to the United States Constitution. Plaintiff requests that this Honorable Court accept pendent jurisdiction of any and all claims arising out of state law.

### PARTIES

2. Carlos A. Ortega, Jr. is over the age of 19 years and is a resident of Autauga County, Alabama. He will hereinafter be referred to as "Plaintiff."

3. County Deputy Stephen Brock is an officer of the Chilton County Sheriff's Department and is named as a Defendant in both his official and individual capacity.

4. Big Time "Wings" Sports Grill, Inc. is an Alabama corporation doing business in Chilton County, Alabama. Charles Goggins is the owner of Big Time "Wings" Sports Grill, Inc. At all times, Brock was acting as an agent of the Chilton County Sheriff, Big Time "Wings" Sports Grill, Inc., and Goggins and was acting as an agent and/or employee of Bigtime Wingz Sports Bar and/or Goggins and was acting within the course and scope of said agency and/or employment.

5. Fictitious Defendants "A," "B," and "C" whether singular or plural, are those other officers, persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained

## FACTS

6. On May 1, 2002 at approximately 1:00 a.m. Plaintiff and Marci Patterson were at the Bigtime Wingz Bar and Grill in Clanton, Alabama. The two were speaking with two other patrons, one of whom was wearing a police T-shirt. The owner of Bigtime Wingz demanded that the patron remove it. Plaintiff offered to take the T-shirt outside. Suddenly and without warning, Brock began to assault Plaintiff by choking him and dragging him outside the bar. Plaintiff was then thrown on the concrete.

7. At all relevant times Brock was duly appointed and acting as a Sheriff's Deputy for the Chilton County Sheriff's Department. As such, Deputy Brock was duly appointed to enforce the laws of Alabama and was so acting under color of law of the State of Alabama.

8. At all times mentioned herein, Deputy Brock was an agent and/or employee of Chilton County, Alabama and was acting within the course and scope of said agency and/or

employment.

9. Based on the totality of the circumstances at the time of the incident, Brock unlawfully arrested Plaintiff and used excessive force on the Plaintiff.

10. As a direct and proximate consequence of Brock's actions, Plaintiff was injured as follows:

    a. Suffered injuries to his body;

    b. Medical bills and other financial losses;

    c. Embarrassment and humiliation;

    d. Pain and suffering; and

    e. Mental anguish and emotional distress.

## COUNT ONE
## 42 U.S.C. §1983
## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM
## AGAINST BROCK

11. Plaintiff adopts and incorporates by reference the allegations in the aforementioned paragraphs as if fully set forth herein.

12. Brock, acting in his official capacity and under color of state law and with intent wrongfully injured Plaintiff and in doing so violated the Fourth Amendment to the Constitution of the United States.

13. The actions of Brock, in using excessive force, were objectively and subjectively unreasonable and constituted a violation of the clearly established laws on the use of excessive force. Furthermore, Brock lacked a reasonably basis for assuming that Plaintiff had committed a crime warranting the use of force.

14. As a direct and proximate consequence of Brock's actions, Plaintiff was injured as

stated above.

WHEREFORE, Plaintiff seeks all compensatory damages and punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

## COUNT TWO
## FOURTH AMENDMENT VIOLATION FOR UNREASONABLE SEIZURE AGAINST BROCK

15. The Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

16. The foregoing facts as alleged violated the Plaintiff's right under the Fourth Amendment to be secure in his person from unreasonably seizures.

17. As a direct and proximate consequence of such violation, Plaintiff was injured as stated above.

WHEREFORE, Plaintiff seeks all compensatory damages and punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

## COUNT THREE
## ASSAULT

18. Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

19. Brock committed the tort of assault upon the Plaintiff through his intentional

attempts to do harm to the Plaintiffs.

20.  As a direct and proximate consequence of said assault Plaintiff was injured as described above.

WHEREFORE, Plaintiff seeks all compensatory damages and punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

## COUNT EIGHT

### BATTERY

21.  Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

22.  Brock made intentional, unlawful, and harmful physical contact with Plaintiff.

23.  Brock intended the actions that led to the physical contact with the Plaintiff.

WHEREFORE, Plaintiff seeks all compensatory damages and punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

### JURY TRIAL DEMAND

The plaintiff demands a trial by jury as to all claims and issues for which a jury trial is available.

Dated this 30th day of April, 2007.

Respectfully submitted,

*/s/ Jock Smith*
JOCK SMITH
BRIAN STRENGTH

OF COUNSEL:
COCHRAN, CHERRY, GIVENS & SMITH
P.O. Box 830419
Tuskegee, Al 36083
(334) 727-0060
Fax (334) 727-7197