IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CARLOS ORTEGA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | * CASE NO.: 2:07-CV-368-MHT |
| | * |
| STEPHEN BROCK, et al. | * |
| | * |
| DEFENDANTS. | * |

**MOTION TO DISMISS ON BEHALF OF DEFENDANT, CHARLES W. GOGGINS**

**COMES NOW** Co-Defendant, Charles W. Goggins, by and through his attorney of record, and moves the court to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure. In support of this motion and as grounds therefore, the Defendant. Charles W. Goggins, would show unto this honorable court as follows:

1. There is no federal jurisdiction for this case to proceed.

2. The Plaintiff makes allegations that one of the Defendants, Stephen Brock, was an employee or agent of the Chilton County Sheriff's Department, but fails to name the Chilton County Sherriff's Department nor any other governmental or quasi governmental agency as a Defendant.

3. There is no diversity of citizenship between the Plaintiff and any named Defendant.

4. Each Defendant named is a resident of Chilton County Alabama and the incident occurred in Chilton County Alabama.

5. Plaintiff has not met his burden of proof to offer substantial evidence to show that any Defendant was acting within the line and scope of his duties and employment

giving rise to any federal question under 42 U.S.C. Section 1983 and Section 1988 or 28 U.S.C. Section 1331 and Section 1343(a)(3) and (4).

6. The Defendant Charles W. Goggins moves the court to dismiss this case because of the Plaintiff's failure to join an indispensable party under Rule 19. Specifically, Plaintiff has alleged that Defendant, Stephen Brock, was at the time of the incident, acting within the line and scope of his duties and employment. No employer or alleged employer of Defendant Stephen Brock was named in the suit.

7. The Defendant Charles Wade Goggins asserts that the court does not have subject matter jurisdiction over this matter.

8. The case involves a simple bar room fight between the Plaintiff and Defendant Stephen Brock.

9. The Defendant Stephen Brock was not an employee of or acting at the direction of Charles Wade Goggins nor the bar.

10. The complaint fails to make any allegations against Charles Wade Goggins as an individual nor any specific allegations against him in the line and scope of his employment by the bar.

11. The complaint makes no reference to Charles Wade Goggins doing anything other than stating that he is the owner and that the owner allegedly asked someone to take off a shirt. The Defendant Charles Wade Goggins has no knowledge of anything like that and even if he did would not be actionable nor compensable.

12. The complaint fails to allege any diversity, federal question, subject matter, or personal jurisdiction over the Defendant Charles Wade Goggins.

13. The Defendant Charles Wade Goggins argues that this case should be dismissed as it fails to state a claim upon which relief can be granted.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant Charles Wade Goggins moves the court to enter an order dismissing Defendant Charles Wade Goggins from this action for the reasons set forth above. Defendant Charles Wade Goggins prays for any other further, general or additional relief to which he may be entitled.

Respectfully submitted, this the 22nd day of May, 2007.

        Naylor & Collins, P.C.

        s/Amy Hayes Naylor
        Amy Hayes Naylor (HAY042)
        Attorney for Defendant, Charles Wade Goggins
        Post Office Box 470
        Clanton, AL 35046
        (205) 755-8094

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served on the below listed parties by placing a copy of the same in the United States Mail, postage prepaid and properly addressed the 22nd day of May, 2007 in addition to E filing.

Hon. Brian P. Strength
Attorney for the Plaintiff
Post Office Box 830419
Tuskeegee, AL 36083

        s/Amy Hayes Naylor
        Amy Hayes Naylor