# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CARLOS A. ORTEGA, JR.,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| *vs.* ) | |
| ) | **2:07-368-MHT** |
| **STEPHEN BROCK; BIG TIME** ) | |
| **"WINGS" SPORTS GRILL, INC.;** ) | |
| **CHARLES W. GOGGINS;** *etc., et al.* ) | |
| ) | |
|    **Defendants.** ) | |

## ANSWER OF SEPARATE DEFENDANT
## BIG TIME "WINGS" SPORTS GRILL, INC.

COMES NOW separate Defendant Big Time "Wings" Sports Grill, Inc., (hereinafter "Defendant"), by and through counsel, and for Answer to the complaint filed in this matter, states and answers as follows:

### JURISDICTION

1.      Defendant denies the jurisdictional averments of this paragraph of the complaint and demands strict proof thereof.

### PARTIES

2.      Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

3. Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

4. Defendant admits that Big Time "Wings" Sports Grill, Inc., was an Alabama corporation doing business in Chilton County, Alabama. However, said corporation was dissolved in April, 2006. Defendant does not understand the remaining averments of this paragraph of the complaint and therefore denies them.

5. Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

## FACTS

6. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

7. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

8. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

9. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

10. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

## COUNT ONE
## 42 U.S.C. §1983 CLAIM AGAINST BROCK

11. Defendant adopts its responses to all previous paragraphs of the complaint as if set forth here *in extenso*.

12. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

13. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

14. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof. Defendant denies that Plaintiff is entitled to recover any damages from Defendant as requested in the *ad damnum* clause.

## COUNT TWO
**FOURTH AMENDMENT CLAIM AGAINST BROCK**

15. Defendant adopts its responses to all previous paragraphs of the complaint as if set forth here *in extenso*.

16. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

17. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof. Defendant denies that Plaintiff is entitled to recover any damages from Defendant as requested in the *ad damnum* clause.

## COUNT THREE
**ASSAULT**

18. Defendant adopts its responses to all previous paragraphs of the complaint as if set forth here *in extenso*.

19. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

20. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands

strict proof thereof. Defendant denies that Plaintiff is entitled to recover any damages from Defendant as requested in the *ad damnum* clause.

## COUNT EIGHT[1]
## BATTERY

21. Defendant adopts its responses to all previous paragraphs of the complaint as if set forth here *in extenso*.

22. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof.

23. At this time, Defendant lacks sufficient information upon which to admit or deny the averments of this paragraph of the complaint, and so denies the same and demands strict proof thereof. Defendant denies that Plaintiff is entitled to recover any damages from Defendant as requested in the *ad damnum* clause.

24. For further answer to the Complaint filed in this action, Defendant asserts that any averment thereof not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. Defendants asserts that this Court lacks subject matter jurisdiction over this action because Defendant Brock was not acting within the line and scope of his employment as a Chilton County Deputy Sheriff at the time of the incident which forms the basis of this

---

[1] Count numbering in source Complaint.

action. In the absence of any federal jurisdiction, there is no basis upon which to invoke this Court's pendent jurisdiction over state law claims.

2.   Defendant asserts that this Court lacks subject matter jurisdiction over this action because Plaintiff has failed to name an indispensable party as a defendant.

3.   Defendant asserts the statute of limitations has expired on Plaintiff's ability to bring this action.

4.   Defendant asserts that Stephen Brock was not an agent or employee of Defendant at the time of the incident which is the basis of this action. Consequently, there is no basis for imposing liability on this Defendant for the claims asserted.

5.   Defendant denies the material averments of Plaintiff's complaint and demands strict proof thereof.

6.   The complaint fails to state a claim upon which relief can be granted.

7.   Plaintiff comes into Court with "unclean hands."

8.   Plaintiff's claims are barred by doctrines of waiver and estoppel.

9.   Defendant pleads contributory negligence and assumption of risk.

10.  Defendant pleads license.

11.  Defendant contests the nature and extent of Plaintiff's damages.

12.  Defendant avers that neither it nor co-defendant were "state actors" at the time of the events alleged in Plaintiff's complaint.

13. Plaintiff's claims for punitive damages violate Defendant's constitutional rights guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

14. Plaintiff's claims for punitive damages violate Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of Defendants, through state action, without due process of law.

15. Plaintiff's claims for punitive damages violate Defendant's rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

16. Plaintiff's claims for punitive damages violate the double jeopardy clause of the Constitution of the United States of America.

17. Imposition of punitive damages against Defendant would violate the due process clause of the Constitution of the United States and the due process clause of the Alabama Constitution.

18. Any claim for punitive damages or damages for mental anguish against the Defendant cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not expressly prohibited from

awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

19.  Any claim for punitive damages against Defendant cannot be sustained because an award of damages without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

20.  Any claim for punitive damages against Defendant cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

21. Plaintiff's claims for punitive damages violates Defendant's rights as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet the Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

22. Plaintiff's claims for punitive damages violates Defendant's rights guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

23. Plaintiff's claims for punitive damages violates Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

24. Imposition of punitive damages in this action against Defendant without a statutory limit as to the amount of said damages violates the Due Process Clause and the Defendant's guarantee of equal protection as required by the Constitution of the State of Alabama.

25. Any claim for punitive damages against Defendant cannot be sustained because an award of damages under state or federal law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

26. Any claim for punitive damages against Defendant cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

27. Any claim for punitive damages against Defendant cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

28. Plaintiff's claim for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet this Defendant may

be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

29.  Plaintiff lacks standing to bring this action.

30.  Defendant adopts any affirmative defenses interposed by any other party hereto, to the nature and extent said affirmative defenses are applicable to this Defendant.

31.  Defendant reserves the right to add additional affirmative defenses as discovery proceeds in this matter.

Respectfully submitted this 23d day of May, 2007.

   s/ Algert S. Agricola, Jr.
**ALGERT S. AGRICOLA, JR.** (ASB 0364-R79A, AGR001)
**M. ANDREW DONALDSON** (ASB 9007-076M, DON024)
Counsel for Defendant Big Time "Wings"
Sports Grill, Inc.

**OF COUNSEL:**

**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 Phone
(334) 396-8880 Fax
aagricola@slatenlaw.com
adonaldson@slatenlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CARLOS A. ORTEGA, JR.,**          ) | |
|                                                                ) | |
|      **Plaintiff,**                                ) | |
|                                                                ) | **Civil Action No.** |
| *vs.*                                                    ) | |
|                                                                ) | **2:07-368-MHT** |
| **STEPHEN BROCK; BIG TIME**   ) | |
| **"WINGS" SPORTS GRILL, INC.;** ) | |
| **CHARLES W. GOGGINS;** *etc., et al.* ) | |
|                                                                ) | |
|      **Defendants.**                            ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles N. Parnell, III
Parnell & Crum, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189

Brian P. Strength
Cochran, Cherry, Givens & Smith
P.O. Box 830419
Tuskegee, AL 36083

Amy H. Maylor
P.O. Box 470
Clanton, AL 35046

        Respectfully submitted,

        s/ Algert S. Agricola, Jr.
        Algert S. Agricola, Jr.
        M. Andrew Donaldson
        **SLATEN & O'CONNOR, P.C.**
        Winter Loeb Building
        105 Tallapoosa Street, Suite 101
        Montgomery, AL 36104
        Phone:  (334) 396-8882
        Fax:      (334) 396-8880
        E-mail: aagricola@slatenlaw.com
        E-mail: adonaldson@slatenlaw.com

F:\Gen Litigation\Colony Group\Big Time wings Sports Grill, Inc\Pleadings\Answer of Big Time Wings Sports Grill Inc.wpd