IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **Carlos A. Ortega, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 2:07 CV-368-MHT |
| ) | |
| **Stephen Brock; Big Time "Wings"** ) | |
| **Sports Grill, Inc.; Charles W. Goggins,** ) | |
| ) | |
| **Defendants.** ) | |

### RESPONSE TO MOTION TO DISMISS

Plaintiff, by and through his undersigned counsel of record hereby responds to the Motion To Dismiss filed by Charles W. Goggins. (Doc. 8)  In his motion, Goggins simply lists a string of grievances against the Complaint without a single legal citation or reference to the Complaint, and instead laces his motion with factual allegations outside the face of the complaint.  Nowhere in the motion will this Court find a valid, well reasoned, explanation as to why Goggins should be dismissed as a defendant.  Given the form of Goggins' motion, the Plaintiff will simply address the motion paragraph by paragraph:

1.     Goggins argues that there is no federal jurisdiction for the case to proceed.  On the very first page of the complaint the Plaintiff has properly invoked federal jurisdiction.  "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint." Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004).   Here, such is the case as multiple federal causes of action are alleged.

2. Plaintiff is not required to name the Chilton County Sheriff's Department in this case. The undersigned counsel has extensive experience litigating against Defendant Brock and the Chilton County Commission and is well familiar with the Chilton County Sheriff's Department's policies and procedures concerning excessive force. (See <u>Johnson v. Brock, et al</u>, U.S. District Court for the Middle District of Alabama, Case No. 2:04-CV-117-F) In this case, the Plaintiff chose not to sue the Chilton County Sheriff's Department over its excessive force procedures. Rather than create a jurisdictional deficiency, the omission of the Sheriff's Department simply proves that the Plaintiff has the good sense, and restraint, to not pursue a claim that is not well grounded in fact and law.

3. Plaintiff agrees that there is no diversity in this case. However, that is in no way relevant to Goggins' motion. Plaintiff is not suggesting that diversity jurisdiction is present.

4. Again, Plaintiff does not dispute the factual allegations of paragraph four of Goggins' motion, but they have no relevance to this Court's inquiry at this stage.

5. In paragraph five, Goggins states that Plaintiff has not met its burden of producing "substantial evidence" of federal jurisdiction. Actually, the Plaintiff does not have at this stage of the proceedings the burden to produce substantial evidence of anything. It is noteworthy that Goggins fails to offer a citation for this alleged "burden." As stated above, the "well-pleaded complaint" rule applies and has been sufficiently met in this case.

6. Paragraph six contains a new ground for dismissal in that Plaintiff has allegedly failed to join an indispensable party as no employer of Stephen Brock was named. This is simply not true. Paragraph four of the Complaint alleges that Brock was acting as "as an agent and/or employee of Bigtime Wingz Sports Bar and/or Goggins..." (Complaint, Doc. 1 at para. 4) To the extent that Goggins meant to argue that the Chilton County Sheriff's Department was not named, such an

argument fails. There is no requirement in the law to name in a lawsuit the master who may have liability for an agent's actions, and Goggins fails to offer any law to the contrary.

7. Paragraph seven contains an unsupported and unexplained allegation that subject matter jurisdiction is lacking. Plaintiff incorporates its previous explanation found in paragraph one of this response.

8. Paragraphs eight through eleven simply make irrelevant factual assertions without any evidentiary support. Even if evidentiary support had been attached, the statements still have no bearing on the motion to dismiss. For example, paragraph nine of Goggins' motion alleges that Brock was not an agent of Goggins while paragraph four of the Complaint alleges that Brock was acting as "as an agent and/or employee of Bigtime Wingz Sports Bar and/or Goggins..." (Complaint, Doc. 1 at para. 4) All that Goggins has shown is that many facts will be in dispute, which is not even an inquiry at the motion to dismiss stage.

9. The allegation in paragraph twelve of Goggins' motion suggests that no federal jurisdiction of Goggins appears in the Complaint. Such is not necessary. The Court clearly has supplemental jurisdiction pursuant to 28 U.S.C. §1367 because the Plaintiff asserts a federal question and seeks to join a related state law claim against a different defendant, Goggins. The joinder of Goggins is permitted by statute. Unbelievably, Goggins also claims the absence of personal jurisdiction even though in paragraph four *of his own motion* he admits that he is a resident of Chilton County, Alabama. (See Doc. 8 at Para. 4) As a resident of Alabama, he is subject to personal jurisdiction in this case. This has been the law since the Supreme Court's decision in Pennoyer v. Neff, 95 U.S. 714 (1877).

10. Lastly, Goggins argues that the complaint fails to state a claim upon which relief can be granted. There is no explanation as to why the complaint fails to state a claim or anything else

that might keep the court and the Plaintiff from having to guess what exactly Goggins means. That failure provides sufficient grounds to deny the motion. In any event, the Plaintiff has clearly stated a claim against Goggins as being vicariously liable under a master/servant theory.

  For the foregoing reasons, Plaintiff moves this Court to deny Goggins' motion to Dismiss.

              Respectfully submitted,

              /s/ Brian P. Strength
              BRIAN STRENGTH(STR052)

OF COUNSEL:
COCHRAN, CHERRY, GIVENS & SMITH
P.O. Box 830419
Tuskegee, Al 36083
(334) 727-0060
Fax (334) 727-7197

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the foregoing upon counsel listed below by electronic notification, on this the 5th day of June, 2007.

Amy Hayes Naylor
P.O. Box 470
Clanton, AL 35046

Charles N. Parnell, III
Parnell & Crum, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189

Algert Swanson Agricola, Jr.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101

        /s/ Brian P. Strength
        OF COUNSEL