IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CARLOS A. ORTEGA, JR.,

    Plaintiff,

vs.                                    CIVIL ACTION NO. 2:07cv368-MHT

STEPHEN BROCK, et al.

    Defendants.

## BRIEF IN SUPPORT OF CO-DEFENDANT, STEPHEN BROCK'S, MOTION TO DISMISS

COMES NOW Co-Defendant, Stephen Brock, by and through his attorney of record, and files this Brief in Support of his Motion to Dismiss as requested by this Court's Order dated May 23, 2007.

### Statement of the Case and Statement of the Facts

Plaintiff filed this action on April 30, 2007, on what Defendant would allege to be the last day before the expiration of the statute of limitations of many, if not all, of Plaintiff's claims. The incident giving rise to the claims in the lawsuit could best be described as a "bar room brawl", which occurred at a sports bar in Clanton, Alabama, at 1:00 a.m. on a Saturday morning. Defendant Brock was a patron at the sports bar with his then fiancé and other friends and was not in any form, fashion, or manner acting within the line and scope of his employment as a drug enforcement officer with the Chilton County Sheriff's Department. Defendant was dressed in plain clothes and did not, in any form or fashion, identify or hold himself out to be an officer of the law. Since the incident occurred,

Defendant Brock resigned his position with the Chilton County Sheriff's Department. A confrontation arose between Plaintiff and Defendant's fiancé which led to the fight or scuffle between Plaintiff and Defendant Brock.

In this action, Plaintiff has only included as an additional Defendant the sports bar and its proprietor/owner. Defendant Brock would point out to the Court that Plaintiff has not included the Sheriff of Chilton County, the Sheriff's Department, or any other municipal county or state governmental agency.

In setting for the allegations of federal jurisdiction in the Complaint, Plaintiff has made broad and unsupported allegations that Defendant Brock was acting within the line and scope of his employment as a Deputy Sheriff at the time of the incident. These allegations have been strenuously denied by Defendant Brock and other Defendants. Plaintiff has not pled any set of circumstances or offered any proof that would tend to indicate that Defendant Brock was, in fact, acting within the line and scope of his employment as a Deputy Sheriff at the time of the fight. Assuming arguendo that this Court finds that Plaintiff has sufficiently pled federal jurisdiction, then Plaintiff has failed to include an indispensable party or parties to this action, specifically the Sheriff of Chilton County, who was the employer of Defendant Brock at the time of the incident.

### Statement of the Law

Plaintiff in this case seeks to invoke federal jurisdiction on what otherwise would clearly be a State Court case. By simply alleging that Defendant Brock, who at the time of the incident was employed as a drug enforcement officer for the Chilton County Sheriff's Office, was acting within the line, scope, and duties of his employment, Plaintiff alleges there is a factual basis to sustain jurisdiction in this Court. Because of that bare allegation,

Plaintiff claims that this Court has jurisdiction under 42 U.S.C. §1983 and §1988, 28 U.S.C. §1331 and §1343(a)(3) and (4) and the Fourth and Fourteenth Amendments to the United States Constitution.  Clearly, the question of federal jurisdiction of this case is completely determined by whether or not Defendant Brock was, in fact, acting either within the line and scope of his employment or using color of his employment to act in an official capacity as a police officer.  If, as Defendant Brock claims, this was nothing more than a fight between two men that had nothing to do with Defendant Brock's employment, then Plaintiff is unable to prove federal jurisdiction.

The party seeking to exercise jurisdiction of a federal District Court in his favor must allege facts essential to show jurisdiction and must carry throughout the entire litigation the burden of showing that he is properly in federal court.  28 U.S.C.A. §§1359, 1447, 1919.  <u>McNutt v. General Motors Acceptance Corporation of Indiana, Inc.</u>, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.  This District Court, pursuant to statutory provisions respecting its duty to enforce statutory limitations as to jurisdiction, is authorized to inquire at any time whether the conditions to exercise of its jurisdiction have been met.  <u>McNutt v. General Motors Acceptance Corporation of Indiana, Inc.</u>, *supra* 298 U.S. 178, 189.   The Supreme Court on this question in that case stated as follows:

> "The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met.  They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor.  He must allege in his pleading the facts essential to show jurisdiction.  If he fails to make the necessary allegations he has no standing.  If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations.  In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf.  As he is seeking relief subject to this supervision, it follows that

> he must carry throughout the litigation the burden of showing that he is properly in court."

The Supreme Court in that opinion went on to state that if a Plaintiff's allegations of jurisdictional facts are challenged by his adversary, which is the situation in the case at bar, Plaintiff must support them by competent proof. Pleading unsupported and broad allegations of facts attempting to meet federal jurisdiction requirements is insufficient, particularly in a case such as this where those facts have, in fact, been challenged, disputed, and are contested.

The United States Court of Appeals for the Eighth Circuit in the case of *Bilal v. Kaplan*, 904 F.2d 14, the Circuit Court held that, "If the sufficiency of the jurisdictional allegations is challenged by the court or an opposing party, the burden of proof as to the existence of federal jurisdiction is on the party that claims that jurisdiction exists." The court went on to state as follows: "The federal court jurisdiction must affirmatively appear clearly and distinctly, and the mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts."

## Conclusion

Defendant Brock would contend that the bare bones allegations of federal jurisdiction and a violation of the Plaintiff's civil rights or deprivation of due process all hinge on the factual question as to whether or not Defendant Brock was acting within the line and scope of his employment or under color of authority. Defendant Brock and other Defendants have contested this allegation, and the burden of proof shifts to the Plaintiff to prove, through competent evidence, that there is some basis for the Court to conclude that Defendant Brock was, in fact, acting within the line and scope of his employment and not as an individual citizen who just happened to be employed with the Sheriff's Department.

Defendant Brock would contend that the Plaintiff has failed to meet his burden of proof on the matter of the jurisdiction of this Court, especially since the allegations of federal jurisdiction have been denied and are in controversy as to all Defendants and that this Court should dismiss Plaintiff's action for a lack of federal jurisdiction.

Respectfully submitted,

  /s/ Charles N. Parnell, III
CHARLES N. PARNELL, III (PAR016)
Attorney for Defendant Stephen Brock

Parnell & Crum, P.A.
P.O. Box 2189
Montgomery, Alabama  36102-2189
334/832-4200

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing pleading upon the below listed party by placing a copy of the same in the United States Mail, postage prepaid and properly addressed this the 6th day of June, 2007.

  /s/ Charles N. Parnell, III
OF COUNSEL

Brian P. Strength, Esq.
Cochran, Cherry, Givens & Smith
P.O. Box 830419
Tuskegee, AL 36083

Amy Hayes Naylor, Esq.
P.O. Box 470
Clanton, AL 35046

Algert S. Agricola, Jr., Esq.
Slaten & O'Connor, P.C.
105 Tallapoosa Street, Ste. 101
Montgomery, AL 36104