**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISION**

| | | |
|---|---|---|
| **CARLOS ORTEGA,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:07-CV-368** |
| | ] | |
| **STEPHEN BROCK, BIG TIME "WINGS" SPORTS GRILL, INC., CHARLES W. GOGGINS, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

**DEFENDANT GOGGINS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

**COMES NOW,** the Defendant, Charles W. Goggins, and pursuant to this Court's Order of May 23, 2007 (Doc.9), submits the following Brief in Support of his Motion to Dismiss (Doc.8).

I. Introduction

This case arises out of an apparent bar fight between the plaintiff and defendant Stephen Brock.[1] The plaintiff has sued Stephen Brock; BigTime "Wings" Sports Grill, Inc., the bar where the alleged fight took place; Charles Goggins, the owner of the bar; and three fictitious parties.

In the plaintiff's Complaint, he alleges that "[a]t all times, Brock was acting as an agent of the Chilton County Sheriff, Big Time "Wings" Sports Grill, Inc., and Goggins and was acting as an agent and/or employee of Bigtime Wingz Sports Bar and/or Goggins and was acting within the course and scope of said agency and/or employment." (Doc.1, par.4). However, in the Facts portion of the Complaint, the plaintiff claims that "at all relevant times Brock was duly appointed and acting as a sheriff's deputy for the Chilton County Sheriff's Department. As such, Deputy Brock was duly

1 For the purposes of Goggins' Motion to Dismiss and Supporting Brief, Goggins accepts the facts presented in the

appointed to enforce the laws of Alabama and was so acting under color of law of the State of Alabama." (Doc.1, par.7). The plaintiff further alleges that "at all times mentioned herein, Deputy Brock was an agent and/or employee of Chilton County, Alabama, and was acting within the course and scope of said agency and/or employment." (Doc.1, par.8). The plaintiff claims that "based upon the totality of the circumstances at the time of the incident, Brock unlawfully **arrested** plaintiff and used **excessive force** on the plaintiff." (Doc.1, par.9)(emphasis added). The plaintiff goes on to state claims against defendant Brock pursuant to §1983 for Fourth Amendment excessive force, and Fourth Amendment violation for unreasonable seizure. The plaintiff further brings two state law claims for assault and battery arising out of the same set of facts and circumstances for which he brings the §1983 federal claims.

On May 22, 2007, Goggins filed a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (Doc.8). Pursuant to Rule 12(b)(1), a Complaint may be dismissed where the court lacks "jurisdiction over the subject matter." Rule 12(b)(1), Federal Rules of Civil Procedure. Pursuant to Rule 12(b)(6), a Complaint may be dismissed for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) Federal Rules of Civil Procedure. The Eleventh Circuit has held that a court "may dismiss a Complaint on a dispositive issue of law when 'no construction of the factual allegations will support the cause of action'." Albra v. City of Fort Lauderdale, 2007 WL 1213230 (11th Cir.2007)(citing Marshall County Board of Education v. Marshall County Gas District, 992 F.2d 1171, 1174 (11th Cir.1993)). Indeed, "a Rule 12(b)(6) motion tests the legal sufficiency of plaintiff's claim and the Court construes all allegations set forth in the Complaint as true and resolves all inferences in favor of the plaintiff." German v. CSX

---

Complaint as true. Goggins reserves the right to refute the facts presented by the plaintiff.

Transportation, Inc., 2007 WL 1266358 (S.D. Ala.2007). "However, as a general rules, conclusory allegations and unwarranted deductions of fact are not admitted as true in a Motion to Dismiss." Id. (internal quotations omitted).

II. No Cognizable Claim Stated Against Goggins

The plaintiff fails to state any cause of action against defendant Goggins for which relief can be granted. The plaintiff simply alleges that Goggins is the owner of Big Time Wings Sports Grill, Inc. The plaintiff makes a bald allegation that defendant Brock was acting as an agent and/or employee of Goggins, but makes no discernable claim against Goggins. The only mention in the plaintiff's Complaint of any action taken by Goggins is as follows:

> On May 1, 2002 at approximately 1:00 a.m., plaintiff and Marci Patterson were at the Bigtime Wingz Bar and Grill in Clanton, Alabama. The two were speaking with two other patrons, one of whom was wearing a police T-shirt. **The owner of Bigtime Wingz demanded that the patron remove it.** Plaintiff offered to take the T-shirt outside. Suddenly and without warning, Brock began to assault plaintiff by choking him and dragging him outside the bar. Plaintiff was then thrown on the concrete.

(Doc.1, par.6)(emphasis added).

The plaintiff's allegation that Goggins demanded that a patron remove a t-shirt states no cognizable cause of action against Goggins for which relief may be granted. Indeed, nowhere else in the complaint does the plaintiff make mention of this alleged demand. The only claims asserted by the plaintiff in his Complaint are federal claims against defendant Brock for excessive force and unreasonable seizure and state law claims against Brock for assault and battery. The plaintiff does not identify any action or inaction by defendant Goggins which gives rise to any cause of action. Accordingly, Goggins' Motion to Dismiss is due to be granted.

III. No Respondeat Superior Liability

The plaintiff simply makes a conclusory statement in the section of the Complaint identifying

the parties that the plaintiff acted as an agent of Goggins, who is the owner of the bar where the incident took place. Presumably, the plaintiff is attempting to establish that Goggins is somehow liable under a *respondeat superior* theory for the actions of Stephen Brock. However, elsewhere in the Complaint, the plaintiff consistently asserts that defendant Brock was at all material times acting as a sheriff's deputy for the Chilton County Sheriff's Department, and was acting within the course and scope of this agency. In fact, the plaintiff brings federal claims against defendant Brock pursuant to §1983 for excessive force and unreasonable seizure. These claims would only be cognizable against defendant Brock if he were acting within the line and scope of his authority as an employee of the Chilton County Sheriff.

Although not binding authority on this Court, a case from the Alabama Court of Civil Appeals, Whitley v. Food Giant, Inc., 721 So.2d 207 (Ala.Civ.App. 1998) is instructive. In Whitley v. Food Giant, the plaintiff grocery store customer filed suit against the grocery store owner after an altercation in the grocery store resulted in his arrest and criminal prosecution. The grocery store owner employed an off-duty police officer as a security guard who participated in the plaintiff's arrest. The plaintiff had gotten into an altercation with a woman regarding the use of a pay telephone located outside the grocery store in question. The off-duty police officer who was employed by the grocery store as a security guard appeared on the scene of the altercation. The plaintiff approached the woman with whom he had had the altercation with his hand balled into a fist after she used a racial slur against him. As the plaintiff approached the woman, seemingly to strike her, the off-duty officer grabbed the plaintiff and held him against a wall. Other police officers arrived on the scene to assist, and the plaintiff was arrested and charged with resisting arrest and disorderly conduct. He was acquitted of the charges.

The plaintiff filed suit against the City of Bessemer, the off-duty police officer, another police officer, and Food Giant, Inc. The Court entered summary judgment in favor of the grocery store owner and the plaintiff appealed. The plaintiff claimed that a jury question existed as to whether the off-duty officer was acting as an agent of the grocery store at the time of the incident in question. The Court noted that "the Alabama Supreme Court has held that when an off-duty police officer witnesses an offense for which the perpetrator is arrested, the officer's status changes, and he is then acting within his capacity as a police officer and not in his capacity as a security guard." Id. at 209 (referencing Dinmark v. Farrier, 510 So.2d 819 (Ala.1987)). The Court went on to note that "for Food Giant to be liable under the doctrine of *respondeat superior*, [the officer] would have to be acting within the line and scope of his employment with Food Giant when the events complained of occurred." Id. The court held that the grocery store could not be liable for the officer's actions because the actions made subject of the Complaint occurred after the officer's status had changed from that of an off-duty security guard to a police officer.

Similarly, in the case at bar, even if Officer Brock had at some point acted as an agent of Goggins,[2] the point in time in which he allegedly arrested, seized, and/or used excessive force against the plaintiff, he would only have been acting within his capacity as an agent of the Chilton County Sheriff's Department. In fact, the plaintiff claims that "Brock unlawfully **arrested** plaintiff and used **excessive force** on the plaintiff" (Doc.1, par.9)(emphasis added), and was "acting as a sheriff's deputy for the Chilton County Sheriff's Department." (Doc.1, par.7).

Accordingly, the plaintiff is clearly bringing claims against defendant Brock for actions he allegedly took in his capacity as an officer with the Chilton County Sheriff's Department. Indeed,

2 Nowhere in the Complaint does the plaintiff allege that defendant Brock was acting as an off-duty security officer for Goggins at any material time hereto. Thus, the defendant is left to surmise the basis of the relationship the plaintiff alleges

the plaintiff is invoking federal jurisdiction based on that very allegation. As such, the plaintiff cannot and does not make an allegation against defendant Brock for actions he took in his alleged capacity as an agent for the defendant. Because the plaintiff's Complaint fails to state a cause of action against Goggins for which relief can be granted, Goggins' Motion to Dismiss is due to be granted.

IV. No Federal Jurisdiction

Even if the plaintiff adequately pled facts sufficient to establish an issue as to Goggins' alleged *respondeat superior* liability, no federal jurisdiction exists, and the Motion to Dismiss for lack of subject matter jurisdiction is due to be granted. Importantly, "[s]ubject matter jurisdiction must be established as a threshold matter." Johnson v. Hairston, 2007 WL 748479 (M.D. Ala 2007). The Eleventh Circuit held that "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Community State Bank v. Strong, 485 F.3d 597 (11th Cir. 2007).

The plaintiff does not plead diversity jurisdiction pursuant to 28 U.S.C. § 1332 or jurisdiction under a specific statutory grant. Instead, the plaintiff claims that this court has jurisdiction over this action pursuant to 42 U.S.C. § 1983 and § 1988, 28 U.S.C. § 1331 and § 1343(a)(3) and (4), and the Fourth and Fourteenth Amendments to the U.S. Constitution. (Doc. 1, par. 1). If the plaintiff was an agent of Goggins, and thus not an agent of the Chilton County Sheriff's Department, there would be no basis for the § 1983 claims asserted against Brock. See Whitley v. Food Giant, Inc., supra. Absent the federal claims against Brock, only state law claims for assault and battery remain.

existed between the defendant Goggins and defendant Brock.

Therefore, this Court would not have subject matter jurisdiction over the plaintiff's claims and they must be dismissed. See 28 U.S.C.A. § 1331(establishing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

## V. Conclusion

The plaintiff fails to state a cause of action against Goggins for which relief may be granted. The plaintiff simply makes the bald assertion in his Complaint that Goggins demanded that an unnamed patron remove his shirt, and that defendant Stephen Brock was Goggins' agent. There are no other facts asserted in the Complaint which mention Goggins or establish that Brock was acting as his agent at any time. In fact, the plaintiff asserts throughout his Complaint that Brock was an agent of the Chilton County Sheriff and at all material times was acting in the line and scope of that agency. The plaintiff bases the existence of federal question jurisdiction on this allegation. If Brock was acting as an agent of the Chilton County Sheriff, he could not have been concurrently acting as an agent of Goggins and any claims against him are due to be dismissed.

If Brock was not an agent of the Chilton County Sheriff, but was, instead, an agent of Goggins at all material times, there would be no basis for federal question jurisdiction, and the complaint must be dismissed for lack of subject matter jurisdiction. Either way, the plaintiff cannot maintain a cause of action against Goggins.

WHEREFORE, the foregoing premises considered, Defendant Charles W. Goggins respectfully requests this Honorable Court grant his Motion to Dismiss.

/s/ Emily C. Marks
Emily C. Marks, Esq.
Attorney for Charles W. Goggins

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222

**CERTIFICATE OF SERVICE**

I hereby certify that on this June 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Algert Swanson Agricola
Michael Andrew Donaldson
Slaten & O'Connor
105 Tallapoosa St., Ste. 101
Montgomery, AL 36104
Jraagricola@slatenlaw.com; kboothe@slatenlaw.com
adonaldson@slatenlaw.com; kboothe@slatenlaw.com

Amy Hayes Naylor
104 1st Avenue
P.O. Box 470
Clanton, AL 35046-0470
amyhayesnaylor@bellsouth.net

Charles Nichols Parnell
Parnell & Crum
P O Box 2189
Montgomery, AL 36102-2189
IIIcnparnell@parnellcrum.com

Jock Michael Smith
Brian P. Strength, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, AL 36083
bpinkard@cochranlawtuskegee.com
bstrength@cochranlawtuskegee.com

/s/ Emily C. Marks
OF COUNSEL