# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **Carlos A. Ortega, Jr.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )     Case No. 2:07 CV-368-MHT |
| | ) |
| **Stephen Brock; Big Time "Wings"** | ) |
| **Sports Grill, Inc.; Charles W. Goggins** | ) |
| | ) |
|     **Defendants.** | ) |

## AMENDED COMPLAINT

Plaintiff, by and through his undersigned counsel of record hereby complains as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction of this cause of action pursuant 42 U.S.C. §1983 and §1988, 28 U.S.C. §1331 and §1343(a)(3) and (4), and the Fourth and Fourteenth Amendment to the United States Constitution. Plaintiff requests that this Honorable Court accept pendent jurisdiction of any and all claims arising out of state law.

### PARTIES

2. Carlos A. Ortega, Jr. is over the age of 19 years and is a resident of Autauga County, Alabama. He will hereinafter be referred to as "Plaintiff."

3. County Deputy Stephen Brock is an officer of the Chilton County Sheriff's Department and is named as a Defendant in both his official and individual capacity.

4. Big Time "Wings" Sports Grill, Inc. is an Alabama corporation doing business in Chilton County, Alabama. Charles Goggins is the owner of Big Time "Wings" Sports Grill, Inc. At all times, Brock was acting as an agent of the Chilton County Sheriff, Big Time "Wings" Sports

Grill, Inc., and Goggins and was acting as an agent and/or employee of Bigtime Wings Sports Bar and/or Goggins and was acting within the course and scope of said agency and/or employment.

## FACTS

5. On May 1, 2002 at approximately 1:00 a.m. Plaintiff and Marci Patterson were at the Bigtime Wings Bar and Grill in Clanton, Alabama. The two were speaking with two other patrons, one of whom was wearing a police T-shirt. The owner of Bigtime Wings demanded that the patron remove it. Brock, who was in uniform, also demanded that the patron take off the T-shirt and further added that the patron was committing the crime of impersonating a police officer. Brock threatened to arrest the patron. Plaintiff offered to take the T-shirt outside for the patron. Suddenly and without warning, Brock began to assault Plaintiff by choking him and dragging him outside the bar. Plaintiff was then thrown on the concrete.

6. At all relevant times Brock was duly appointed and acting as a Sheriff's Deputy for the Chilton County Sheriff's Department. As such, Deputy Brock was duly appointed to enforce the laws of Alabama and was so acting under color of law of the State of Alabama.

7. At all times mentioned herein, Deputy Brock was an agent and/or employee of Chilton County, Alabama and was acting within the course and scope of said agency and/or employment. In addition, Goggins and Bigtime Wings are liable for the state court causes of action against Brock under theories of respondeat superior. Plaintiff alleges that Goggins authorized or ratified that wrongful actions of Brock. Goggins was present at the scene. Goggins heard Brock verbally confront the patron with the police T-shirt. He allowed Brock to handle the situation by forcing the patron to remove the shirt and by threatening to remove the patron from the bar. In essence, Goggins allowed Brock to act as a bouncer for the bar, in the presence of Goggins, and did

nothing to stop Brock or dispel the reasonable belief, created by Goggins, in the mind of the Plaintiff that Brock was acting as an agent of Goggins and the bar.

8.  Based on the totality of the circumstances at the time of the incident, Brock unlawfully arrested Plaintiff and used excessive force on the Plaintiff.

9.  As a direct and proximate consequence of Brock's actions, Plaintiff was injured as follows:

   a. Suffered injuries to his body;

   b. Medical bills and other financial losses;

   c. Embarrassment and humiliation;

   d. Pain and suffering; and

   e. Mental anguish and emotional distress.

## COUNT ONE
## 42 U.S.C. §1983
## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM
## AGAINST BROCK

10.  Plaintiff adopts and incorporates by reference the allegations in the aforementioned paragraphs as if fully set forth herein.

11.  Brock, acting in his official capacity and under color of state law and with intent wrongfully injured Plaintiff and in doing so violated the Fourth Amendment to the Constitution of the United States.

12.  The actions of Brock, in using excessive force, were objectively and subjectively unreasonable and constituted a violation of the clearly established laws on the use of excessive force. Furthermore, Brock lacked a reasonable basis for assuming that Plaintiff had committed a crime warranting the use of force.

13.     As a direct and proximate consequence of Brock's actions, Plaintiff was injured as stated above.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Brock in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT TWO
## FOURTH AMENDMENT VIOLATION FOR UNREASONABLE SEIZURE AGAINST BROCK

14.     The Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

15.     The foregoing facts as alleged violated the Plaintiff's right under the Fourth Amendment to be secure in his person from unreasonably seizures.

16.     As a direct and proximate consequence of such violation, Plaintiff was injured as stated above.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Brock in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

## COUNT THREE
## ASSAULT

17.     Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

18.   Brock committed the tort of assault upon the Plaintiff through his intentional attempts to do harm to the Plaintiffs.

19.   As a direct and proximate consequence of said assault Plaintiff was injured as described above.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against the Defendants, jointly and severally, in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

## COUNT EIGHT

### BATTERY

20.   Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

21.   Brock made intentional, unlawful, and harmful physical contact with Plaintiff.

22.   Brock intended the actions that led to the physical contact with the Plaintiff.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against the Defendants, jointly and severally, in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

### JURY TRIAL DEMAND

The plaintiff demands a trial by jury as to all claims and issues for which a jury trial is available.

Dated this 12th day of June, 2007.

                                        Respectfully submitted,

                                        /s/ Brian Strength
                                        JOCK SMITH
                                        BRIAN STRENGTH

OF COUNSEL:
COCHRAN, CHERRY, GIVENS & SMITH
P.O. Box 830419
Tuskegee, Al 36083
(334) 727-0060
Fax (334) 727-7197


## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing upon counsel listed below by electronic notification, on this the 12th day of June, 2007.

    Amy Hayes Naylor
    P.O. Box 470
    Clanton, AL 35046

    Charles N. Parnell, III
    Parnell & Crum, P.A.
    P.O. Box 2189
    Montgomery, AL 36102-2189

    Algert Swanson Agricola, Jr.
    Slaten & O'Connor, P.C.
    P.O. Box 1110
    Montgomery, Alabama 36101

    Emily C. Marks
    BALL, BALL, MATTHEWS & NOVAK, P.A.
    2000 Interstate Park Drive
    Suite 204
    Montgomery, AL 36109


                                        /s/ Brian P. Strength
                                        OF COUNSEL