IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| Carlos A. Ortega, Jr., | ) |
|     Plaintiff, | ) |
| vs. | )    Case No. 2:07 CV-368-MHT |
| Stephen Brock; Big Time "Wings" Sports Grill, Inc.; Charles W. Goggins, | ) |
|     Defendants. | ) |

**SUPPLEMENTAL BRIEF BY PLAINTIFF ON THE ISSUE OF SUPPLEMENTAL JURISDICTION**

Plaintiff, by and through his undersigned counsel of record, files this supplemental brief with respect to the issue of supplemental jurisdiction over Defendants Goggins and Big Time Wings Sports Grill.

1. Plaintiff seeks to join Goggins and Big Time Wings in this case by asking the court to exercise supplemental jurisdiction over them as pendent parties even though they are involved in the case only with respect to a pendent state law claim.

2. What Plaintiff is seeking is the type of supplemental jurisdiction that was formerly known as pendent party jurisdiction. Historically, pendent party jurisdiction was not allowed under the case law. Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003 (1989). However, a 1990 statute currently codified at 28 U.S.C. §1367 (1990), changed the rule regarding pendent party jurisdiction by providing congressional authority for its exercise. As a result, a federal court can now hear pendent state law claims against a pendent party.

3. The test for the exercise for such discretion is whether the claims "are so related

to claims in the action within such original jurisdiction that they form part of the same case or controversy..." 28 U.S.C. 1367(a) (1990). The 11th Circuit Court of Appeals has instructed that when determining whether the state claim is part of the same case or controversy a district court should look to "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996) citing Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559 (11th Cir. 1994). In this case, all of the claims, including the claims against Goggins and Big Time Wings, involve the same facts, the same witnesses, and the same single occurrence - the altercation at the bar.

For the foregoing reasons, Plaintiff moves this Court to deny Goggins' motion to dismiss and exercise supplemental jurisdiction in this case.

                                          Respectfully submitted,

                                          /s/ Brian P. Strength
                                          BRIAN STRENGTH(STR052)

OF COUNSEL:
COCHRAN, CHERRY, GIVENS & SMITH
P.O. Box 830419
Tuskegee, Al 36083
(334) 727-0060
Fax (334) 727-7197

**CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the foregoing upon counsel listed below by electronic notification, on this the 12th day of June, 2007.

Amy Hayes Naylor
P.O. Box 470
Clanton, AL 35046

Charles N. Parnell, III
Parnell & Crum, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189

Algert Swanson Agricola, Jr.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101

Emily C. Marks
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

        /s/ Brian P. Strength
        OF COUNSEL