IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS ORTEGA, | ] |
| | ] |
|     Plaintiff, | ] |
| | ] |
| v. | ]    2:07-CV-368 |
| | ] |
| STEPHEN BROCK, BIG TIME | ] |
| "WINGS" SPORTS GRILL, INC., | ] |
| CHARLES W. GOGGINS, et al., | ] |
| | ] |
|     Defendants. | ] |

### DEFENDANT GOGGINS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS

**COMES NOW,** the Defendant, Charles W. Goggins, and pursuant to this Court's Order of June 12, 2007 (Doc.22), submits the following Supplemental Brief in Support of his Motion to Dismiss (See Doc.8, Doc. 15).

On or about June 12, 2007, the plaintiff filed an Amended Complaint (Doc.19) wherein he clarified his claims against defendant, Charles Goggins. In his Amended Complaint, the plaintiff alleges that "at all relevant times, Brock was duly appointed and acting as a sheriff's deputy for the Chilton County Sheriff's Department." (Doc.19, par.6). The plaintiff alleges that defendant Brock was acting under color of state law for the purposes of the §1983 claims asserted against him. The plaintiff goes on to claim, in the alternative, that defendant Goggins is "liable for the state court causes of action against Brock under theories of respondeat superior." (Doc.19, par.7).

<u>This Court Does Not Have Jurisdiction Over Defendant Goggins</u>

The plaintiff asserts that this Court has jurisdiction over Goggins pursuant to 28 U.S.C. §1367 (1990). Pursuant to this statute,

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(28 U.S.C. §1367(a)). Under §1367, **where the courts have original jurisdiction**, the courts can have supplemental jurisdiction over additional claims and parties that are related to the federal causes of action. At first blush, it seems as if this court may have jurisdiction over Goggins pursuant to 28 U.S.C. §1367. However, a deeper analysis of the unique facts in this case reveals that this court does not have jurisdiction over Goggins, and his Motion to Dismiss is due to be granted for lack of jurisdiction.

In order for supplemental jurisdiction to exist pursuant to §1367, the Court must have original jurisdiction over the case. In other words, the court must have an underlying federal cause of action to which state law claims and/or parties are supplemented. In the case at bar, the plaintiff is not bringing state law claims against Goggins **in addition to** his federal claims against defendant Brock. The plaintiff's claims against Goggins are made in the alternative to the federal claims brought against Brock. In other words, the plaintiff either has federal claims against Brock, because his actions were taken pursuant to his duties as a sheriff's deputy under color of state law, or in his capacity as an agent of Goggins. Either Brock was an agent of the state, or he was an agent of Goggins. Thus, in order for this court to have jurisdiction in this case, Brock must have been acting under color of state law. If Brock was acting under color of state law, then he could not have been concurrently acting as an agent of Goggins. See, <u>Whitley v. Food Giant, Inc.</u>, 721 So.2d 207 (Ala.Civ.App. 1998)(holding that "when an off-duty police officer witnesses an offense for which the perpetrator is arrested, the officer's status changes, and

he is then acting within his capacity as a police officer and not in his capacity as a security guard"; See also, Doc. 15).  Therefore, as a matter of law, the federal claims against Brock cannot coexist with the state law claims against Goggins.

Although the plaintiff is free to plead claims in the alternative, for the purposes of jurisdiction, this Court does not have supplemental jurisdiction over the state law claims against Goggins under the theory of respondeat superior.  In Printing Industry of Illinois Employment Benefit Trust v. Timely Press, 2001 WL 303546 (N.D. Ill. 2001), the plaintiff, Printing Industry of Illinois Employment Benefit Trust (PIIEBT) sued defendants claiming violations under ERISA and breach of contract claims.  One of the defendants filed a counterclaim alleging a federal common law ERISA claim as well as an alternative breach of contract claim.  The plaintiff moved to dismiss the defendant's alternative breach of contract counterclaim.  The court noted that the plaintiff argued that the defendant's breach of contract counterclaim

> should be dismissed for lack of subject matter jurisdiction and because it is preempted by ERISA.  [The defendant] concedes that the court does not have federal question jurisdiction over Count II [the breach of contract claim] but argues that the court has supplemental jurisdiction over the alternative pleading of breach of contract.  [The defendant] alleges an alternative pleading for breach of contract is needed because of the fact intensive inquiry of whether the plans offered by PIIEBT are in fact covered by ERISA.  However, if the basis of [the defendants] alternate pleading is correct, that the plan is not covered by ERISA, then this court would cease to have subject matter jurisdiction over this suit under ERISA; and [the defendants] breach of contract claim would not have supplemental jurisdiction because this court would no longer have original jurisdiction for any matter of the suit.

Printing Industry of Illinois Employment Benefit Trust v. Timely Press, 2001 WL 303546 (ND Ill 2001).

Similarly, in the case at bar, the alternate pleading submitted by the plaintiff by way of a state law claim against Goggins under a respondeat superior liability theory could only exist if

3

this court no longer had original jurisdiction for any matter in the suit, i.e. the §1983 claims against Brock.  Nowhere in the plaintiff's Complaint or Amended Complaint does he bring any direct causes of action against Goggins.  The plaintiff's only claims against Goggins are under a respondeat superior liability theory for which he seeks to hold Goggins responsible for the actions of Brock.  Just as in <u>Printing Industry of Illinois Employment Benefit Trust v. Timely Press</u>, this court does not have supplemental jurisdiction over the state law claims against Goggins.  In order for the plaintiff to successfully prosecute the action against Goggins, this Court necessarily could not have original jurisdiction because the §1983 claims against Brock must be extinguished.

Because the plaintiff's state law claims against Goggins can only exist where this Court does not have original jurisdiction pursuant to §1983, this Court does not have supplemental jurisdiction over defendant Goggins and his Motion to Dismiss is due to be granted.[1]

WHEREFORE, the foregoing premises considered, Defendant Charles W. Goggins respectfully requests this Honorable Court grant his Motion to Dismiss.

/s/ Emily C. Marks<br>
Emily C. Marks, Esq.<br>
Attorney for Charles W. Goggins

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222

---

[1] Should this Court find that it does have jurisdiction over Goggins, the defendant respectfully requests that this Court decline to exercise supplemental jurisdiction over the state law claims asserted against him.  See 28 U.S.C. §1367.

**CERTIFICATE OF SERVICE**

   I hereby certify that on this June 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Algert Swanson Agricola
Michael Andrew Donaldson
Slaten & O'Connor
105 Tallapoosa St., Ste. 101
Montgomery, AL 36104
Jraagricola@slatenlaw.com; kboothe@slatenlaw.com
 adonaldson@slatenlaw.com; kboothe@slatenlaw.com

Amy Hayes Naylor
104 1st Avenue
P.O. Box 470
Clanton, AL 35046-0470
amyhayesnaylor@bellsouth.net

Charles Nichols Parnell
Parnell & Crum
P O Box 2189
Montgomery, AL  36102-2189
IIIcnparnell@parnellcrum.com

Jock Michael Smith
Brian P. Strength, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, AL 36083
bpinkard@cochranlawtuskegee.com
bstrength@cochranlawtuskegee.com

              /s/ Emily C. Marks
              OF COUNSEL