IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS A. ORTEGA, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. ) ) 2:07-368-MHT |
| STEPHEN BROCK; BIG TIME "WINGS" SPORTS GRILL, INC.; CHARLES W. GOGGINS; etc., et al. | ) ) ) ) |
| Defendants. | ) |

### BRIEF OF BIG TIME WINGS SPORTS GRILL, INC. IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT

Comes Now Big Time Wings Sports Grill, Inc. [hereinafter referred to as "Big Time"], by and through counsel, and in support of its motion to dismiss amended complaint [Doc. 25], files this its brief in support of the same.

In Plaintiff's amended complaint, Defendant Brock is alleged to have acted both in his capacity as a Chilton County Deputy Sheriff and as a bouncer for Defendant Big Time. Amended Complaint [Doc. 23], ¶ 4. However, as a matter of law, Defendant Brock cannot have acted in both capacities at the same time.

In *Whitely v. Food Giant, Inc.*, 721 So.2d 207 (Ala.Civ.App. 1998), an off-duty police officer was employed by a grocery store as a security guard when an altercation occurred outside the store between two people trying to use a pay telephone at the same time. The officer intervened in the dispute resulting in the plaintiff's arrest and injury in the course of the arrest. In affirming summary judgment for the grocery store, the Court held:

> The Alabama Supreme Court has held that when an off-duty police officer witnesses an offense for which the perpetrator is arrested, the officer's status changes, and he is then acting in his capacity as a police officer and not his capacity as a security guard. *Dinmark v. Farrier*, 510 So.2d 819 (Ala. 1987); *see also Perry v. Greyhound Bus Lines*, 491 So.2d 926 (Ala. 1986). The officer's status changes at the time he witnesses the offense. *Dinmark, supra.*

*Whitely*, at 209. The Court found that since all the acts complained of occurred after the security guard witnessed the disorderly conduct, the security guard could not have been acting within the line and scope of his employment as a security guard as a matter of law. Thus, there could be no respondeat superior liability on the part of the grocery store. *Id.*

In this case, plaintiff asserts in his amended complaint that:

> Brock, who was in uniform, also demanded that the patron take off the [police] T-shirt and further added that the patron was committing the crime of impersonating a police officer. Brock threatened to arrest the patron.
>
> \*        \*        \*
>
> Based on the totality of the circumstances at the time of this incident, Brock unlawfully arrested Plaintiff and used excessive force on the Plaintiff.

Amended Complaint [Doc. 23], ¶¶ 5, 8, [Material in brackets supplied]. Clearly, under Alabama law, Brock's status changed at this point, even assuming the truth of Plaintiff's averments elsewhere in the complaint that Brock was acting as an agent or employee of Defendant Big Time. Even construing the Amended Complaint as pleading alternative theories of liability, the facts averred by Plaintiff preclude liability on the part of Defendant Big Time as a matter of law for two reasons.

First, under Alabama law, Brock was no longer acting as an agent of Defendant Big Time (assuming without conceding that he ever was so acting) once he witnessed the events set out in the complaint. *Dinmark v. Farrier*, 510 So.2d 819 (Ala. 1987); *Perry v. Greyhound Bus Lines*, 491 So.2d 926 (Ala. 1986); *Whitely v. Food Giant, Inc.*, 721 So.2d 207 (Ala.Civ.App. 1998). Second, since liability pursuant to a theory of respondeat superior under 42 U.S.C. § 1983 is unavailable, there is no basis in federal law for asserting a claim against Defendant Big Time for unreasonable seizure or use of excessive force by Brock even if he was acting as an agent of Defendant Big Time. *See, Monell v. Dept. of Social Serv.*, 436 U.S. 658, 691-94 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988); *Floyd v. Waiters*, 133 F.3d 786 (11th Cir.), judgment vacated on another ground, 522 U.S. 802 (1998); *see also, Walters v. City of Andalusia*, 89 F.Supp.2d 1266, 1276 (M.D.Ala. 2000).

The only claims that Plaintiff can make against Defendant Big Time are state law claims for assault and for battery on a theory of respondeat superior. If he proceeds against Defendant Big Time on that theory, he cannot at the same time proceed against Defendant Brock on a theory that he was acting as a deputy sheriff because Brock was either a security guard or he was a deputy sheriff. He cannot be both at the same time. If Plaintiff abandons his federal claims against Brock, there is no supplemental jurisdiction over his claims against Defendant Big Time under 28 U.S.C. § 1367(a) since there is no claim over which this Court would have original jurisdiction. Alternatively, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c). *See, Printing Industry of Illinois Employment Benefit Trust v. Timely Press*, 2001 WL 303546, at *3 (N.D.

3

Ill.2001)(court lacked supplemental jurisdiction over counterclaimant's alternatively plead state law breach of contract claim because it found that it lacked original jurisdiction over plaintiff's suit under ERISA).

Wherefore premises considered, Defendant Big Time asserts that its motion to dismiss Plaintiff's amended complaint for lack of jurisdiction is due to be granted.

Respectfully submitted this 19th day of June, 2007.

                                 s/ Algert S. Agricola, Jr.
                                 **ALGERT S. AGRICOLA, JR.** (ASB 0364-R79A, AGR001)
                                 **M. ANDREW DONALDSON** (ASB 9007-076M, DON024)
                                 Counsel for Defendant Big Time "Wings"
                                 Sports Grill, Inc.

**OF COUNSEL:**

**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 Phone
(334) 396-8880 Fax
aagricola@slatenlaw.com
adonaldson@slatenlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS A. ORTEGA, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) 2:07-368-MHT |
| STEPHEN BROCK; BIG TIME | ) |
| "WINGS" SPORTS GRILL, INC.; | ) |
| CHARLES W. GOGGINS; etc., et al. | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles N. Parnell, III
Parnell & Crum, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189

Brian P. Strength
Cochran, Cherry, Givens & Smith
P.O. Box 830419
Tuskegee, AL 36083

Amy H. Naylor
P.O. Box 470
Clanton, AL 35046

Emily C. Marks
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148

        Respectfully submitted,

        s/ Algert S. Agricola, Jr.
        Algert S. Agricola, Jr.
        M. Andrew Donaldson
        **SLATEN & O'CONNOR, P.C.**
        Winter Loeb Building
        105 Tallapoosa Street, Suite 101
        Montgomery, AL 36104
        Phone: (334) 396-8882
        Fax:    (334) 396-8880
        E-mail: aagricola@slatenlaw.com
        E-mail: adonaldson@slatenlaw.com

F:\Gen Litigation\Colony Group\Big Time wings Sports Grill, Inc\Pleadings\Brief in Support of Mtn to Dismiss.wpd