## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **CARLOS ORTEGA,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ]      **2:07cv368-MHT** |
| | ] |
| **STEPHEN BROCK, BIG TIME** | ] |
| **"WINGS" SPORTS GRILL, INC.,** | ] |
| **CHARLES W. GOGGINS, et al.,** | ] |
| | ] |
| **Defendants.** | ] |

## ANSWER

**COMES NOW,** Defendant, Charles W. Goggins, by and through his attorneys, and for answer to the Plaintiff's Complaint filed herein, states the following:

1.     Defendant denies the material allegations contained in the Plaintiff's Amended Complaint and demands strict proof thereof.

2.     Based upon information and belief, Defendant admits the assertion of residence contained in paragraph 2 of the Plaintiff's Amended Complaint.

3.     Based upon information and belief, Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Amended Complaint.

4.     Defendant denies the allegations of paragraph 4 of the Plaintiff's Amended Complaint and demands strict proof thereof.

### FACTS

5.     Defendant denies the material allegations contained in paragraph 5 of the Plaintiff's Amended Complaint and demands strict proof thereof.

6.     Defendant denies the material allegations contained in paragraph 6 of the Plaintiff's Amended Complaint and demands strict proof thereof.

7.      Defendant denies the material allegations contained in paragraph 7 of the Plaintiff's Amended Complaint and demands strict proof thereof.

8.      Defendant denies the material allegations contained in paragraph 8 of the Plaintiff's Amended Complaint and demands strict proof thereof.

9.      Defendant denies the material allegations contained in paragraph 9 of the Plaintiff's Amended Complaint and demands strict proof thereof.

10.     Defendant denies the adopted and incorporated references referred to in paragraph 10 of the Plaintiff's Amended Complaint and demands strict proof thereof.

11.     Defendant denies the material allegations contained in paragraph 11 of the Plaintiff's Amended Complaint and demands strict proof thereof.

12.     Defendant denies the material allegations contained in paragraph 12 of the Plaintiff's Amended Complaint and demands strict proof thereof.

13.     Defendant denies the material allegations contained in paragraph 13 of the Plaintiff's Amended Complaint and demands strict proof thereof.

14.     Defendant denies the adopted and incorporated references referred to in paragraph 14 of the Plaintiff's Amended Complaint and demands strict proof thereof.

15.     Defendant denies the material allegations contained in paragraph 15 of the Plaintiff's Amended Complaint and demands strict proof thereof.

16.     Defendant denies the material allegations contained in paragraph 16 of the Plaintiff's Amended Complaint and demands strict proof thereof.

17.     Defendant denies the adopted and incorporated references referred to in paragraph 17 of the Plaintiff's Amended Complaint and demands strict proof thereof.

18.    Defendant denies the material allegations contained in paragraph 18 of the Plaintiff's Amended Complaint and demands strict proof thereof.

19.    Defendant denies the material allegations contained in paragraph 19 of the Plaintiff's Amended Complaint and demands strict proof thereof.

20.    Defendant denies the adopted and incorporated references referred to in paragraph 20 of the Plaintiff's Amended Complaint and demands strict proof thereof.

21.    Defendant denies the material allegations contained in paragraph 21 of the Plaintiff's Amended Complaint and demands strict proof thereof.

22.    Defendant denies the material allegations contained in paragraph 22 of the Plaintiff's Amended Complaint and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts the Plaintiff's own actions resulted in the injuries and/or damages referred to in his Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

Defendant pleads assumption of the risk.

## THIRD AFFIRMATIVE DEFENSE

Defendant denies Stephen Brock was his employee or agent.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against this defendant upon which relief may be granted to the plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant pleads the general issue.

## SIXTH AFFIRMATIVE DEFENSE

The defendant pleads not guilty.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant avers that it is not guilty of any violation of the plaintiff's employment rights.

## EIGHTH AFFIRMATIVE DEFENSE

The defendant pleads the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust her administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for relief is barred for a failure to mitigate her damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant pleads an intervening and independent act which proximately caused the alleged injuries referred to in the Plaintiff's complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant denies that any violation of Title 42 U.S.C. §1983 has occurred and demands strict proof thereof.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to punitive damages in this action and any order of punitive damages against this defendant would amount to a violation of this defendant's constitutional rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages resulted from his own conduct, and he contributed to any of the alleged damages or injuries received.  He should be estopped from any cause of action in this matter.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant denies any wrongful, tortious, or improper conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering.  The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award.  Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:  (a) it fails to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the due process clause of the Fourteenth amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the Fifth and Fourteenth Amendment of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is

unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and it constitutes a deprivation of property without the due process of the law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

1.      Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

2.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

3.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

4.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the procedural safeguards provided to defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and

consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

7.      It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

8.      It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

9.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes

the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10.    Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)    The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

11.    Plaintiff's attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12.     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13.     The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14.     The Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

15.     It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels Defendant to disclose evidence.

WHEREFORE, the foregoing premises considered, Defendant Charles W. Goggins respectfully requests this Honorable Court grant his Motion to Dismiss.


                                    /s/ E. Ham Wilson, Jr.
                                    E. Ham Wilson, Jr., Esq.
                                    Emily C. Marks, Esq.
                                    Attorneys for Charles W. Goggins



OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that on this August 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Algert Swanson Agricola
Michael Andrew Donaldson
Slaten & O'Connor
105 Tallapoosa St., Ste. 101
Montgomery, AL 36104
Jraagricola@slatenlaw.com; kboothe@slatenlaw.com
adonaldson@slatenlaw.com; kboothe@slatenlaw.com

Amy Hayes Naylor
104 1st Avenue
P.O. Box 470
Clanton, AL 35046-0470
amyhayesnaylor@bellsouth.net

Charles Nichols Parnell
Parnell & Crum
P O Box 2189
Montgomery, AL  36102-2189
IIIcnparnell@parnellcrum.com

Jock Michael Smith
Brian P. Strength, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, AL 36083
bpinkard@cochranlawtuskegee.com
bstrength@cochranlawtuskegee.com

/s/ E. Ham Wilson, Jr.
OF COUNSEL