## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **CARLOS ORTEGA,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **2:07-CV-368** |
| ] | |
| **STEPHEN BROCK, BIG TIME** ] | |
| **"WINGS" SPORTS GRILL, INC.,** ] | |
| **CHARLES W. GOGGINS, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

### DEFENDANT CHARLES W. GOGGINS'
### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** the defendant, Charles W. Goggins, by and through his undersigned counsel of record, and in support of his Motion for Summary Judgment, pursuant to Rule 56, <u>Federal Rules of Civil Procedure</u>, submits this Brief and Memorandum of Law for the Court's consideration.

### STATEMENT OF THE CASE

The plaintiff, Carlos Ortega, filed the original Complaint in this matter on or about April 30, 2007. The plaintiff named as defendants Stephen Brock; Big Time Wings Sports Grill, Inc.; and, Charles W. Goggins. The plaintiff's original Complaint alleged four causes of action against the defendants which were (1) a Fourth Amendment excessive force claim against defendant Brock in violation of 42 U.S.C. §1983; (2) a Fourth Amendment violation for unreasonable seizure against Brock; (3) a state law claim for the tort of assault; and, (4) a state law claim for the tort of battery. (Doc. 1).

Following defendant Goggins' Motion to Dismiss filed on May 22, 2007, and supporting Brief filed on June 6, 2007, the plaintiff Ortega amended his Complaint on or about June 14, 2007.

The plaintiff's claims against named defendants remained the same, however, the plaintiff amended the facts of the Complaint to allege alternatively that at all relevant times during the incident, "Brock was duly appointed and acting as a sheriff's deputy for the Chilton County Sheriff's Department" or, in the alternative, under the theory of *respondeat superior*, Brock was "acting as an agent and/or employee of Big Time Wings Sports Grill, Inc. and/or Goggins". (Doc. 23). Plaintiff further alleges that the defendant Goggins authorized or ratified the wrongful actions of Brock and is liable for the state court causes of action against Brock under theories of *respondeat superior*. (Doc. 23).

This Honorable Court addressed the merits of the Motions to Dismiss filed by defendant Goggins and defendant Big Time Wings Sports Grill, Inc. in its Opinion and Order dated August 7, 2007. (Doc. 30).

The defendant Goggins filed an Answer to the plaintiff's Complaint and Amended Complaint on or about August 16, 2007, and denied the material averments contained in the plaintiff's Complaint and asserted numerous affirmative defenses. (Doc. 31).

The only allegations contained in the plaintiff's Amended Complaint which purport to set forth the claim against the defendant Charles W. Goggins are the state law claims for assault and battery based upon an alternative theory by the plaintiff that the defendant Brock was acting as an agent or employee of the defendant Goggins or that Goggins authorized or ratified the wrongful actions of Brock.

## STATEMENT OF UNDISPUTED FACTS

This case arises out of an alleged physical altercation between the plaintiff Ortega and the defendant Stephen Brock. Plaintiff alleges that said incident occurred on or about May 1, 2002 at approximately 1:00 a.m. at the Big Time Wings Sports Grill in Clanton, Alabama. (Doc. 1, par.6; Doc. 23, par.5). The plaintiff has sued Stephen Brock; Big Time Wings Sports Grill, Inc., the

restaurant/sports bar where the alleged altercation occurred; and, Charles W. Goggins, sole shareholder of the incorporated business known as Big Time Wings Sports Grill, Inc.

In plaintiff's Amended Complaint, he alleges that he and another person were at Big Time Wings Sports Grill, Inc. speaking with two other patrons, one of whom was wearing a police t-shirt. The plaintiff alleges that the owner of Big Time Wings Sports Grill, Inc. demanded the patron remove his t-shirt. Plaintiff alleges that Brock, who was in uniform, also demanded that the patron take off the t-shirt and added that the patron was committing the crime of impersonating a police officer. Brock threatened to arrest the patron. (Doc. 23, par.5). Plaintiff further alleges that without warning, Brock began to assault the plaintiff by choking him and dragging him outside the bar and that plaintiff was thrown on the concrete. (Doc. 23, par.5).

Plaintiff Ortega's sole basis for relief against the defendant Goggins is under a theory of *respondeat superior*. Plaintiff alleges "that Goggins authorized or ratified the wrongful actions of Brock. Goggins was present at the scene. Goggins heard Brock verbally confront the patron with the police t-shirt. He [Goggins] allowed Brock to handle the situation by forcing the patron to remove the shirt and by threatening to remove the patron from the bar. In essence, Goggins allowed Brock to act as a bouncer for the bar, in the presence of Goggins, and did nothing to stop Brock or dispel the reasonable belief, created by Goggins, in the mind of the plaintiff that Brock was acting as an agent of Goggins and the bar". (Doc. 23, par.7). Although plaintiff alleges that Brock was acting as Goggins' agent or employee at the time of the incident, plaintiff also alleges that the defendant Brock was acting in his capacity as a sheriff's deputy for the Chilton County Sheriff's Department and was acting within the course and scope of said agency and/or employment at the time of said incident. (Doc. 23, par.6, 7).

Although the plaintiff makes conclusory allegations that Brock was acting as an agent or

employee of Goggins, there is no evidence to suggest that an agency or employee relationship existed

between Brock and Goggins, and in fact, no such relationship did exist.

In fact, according to the defendant Goggins, Brock was present at his restaurant/sports bar on

the night of the incident in question with three other people and was dressed in civilian clothes. On

the occasion in question, Brock never represented himself to anyone, to Goggins' knowledge and

belief, as a law enforcement officer of any kind. (Goggins' Affidavit; See also Doc. 5, par.2, 3; Doc.

13, p.1). According to the defendant Goggins, Brock was never acting as an agent or employee of

Big Time Wings Sports Grill, Inc. or as an agent or employee of Goggins at any time during this

incident. In fact, Brock has never worked as an agent or employee of Big Time Wings Sports Grill,

Inc. or the defendant Brock. (Goggins' Affidavit). Brock was not employed as an off-duty security

guard, bouncer, or other security officer at the restaurant, and was only a patron at the restaurant at

the time of the incident. (Doc. 5, par.2).

Goggins did not authorize or ratify Mr. Brock to act on his company's or his behalf as an

agent or employee or security guard. Goggins did not allow or ratify any actions of Brock to act as a

bouncer for the bar or to engage in any physical altercation with the plaintiff Ortega. (Goggins'

Affidavit). Goggins did not do or say anything either before, during or after the incident that would

have created in the minds of any reasonable person that Brock was acting as an agent or employee of

Goggins or the Big Time Wings Sports Grill, Inc. (Goggins' Affidavit). Goggins did not demand of

any patron that they should remove their t-shirt and denies being present during any such alleged

incident regarding the t-shirt. (Goggins' Affidavit). It is Goggins' understanding and belief that the

actions taken by Brock against Ortega was the result of Ortega inappropriately touching a female at

Brock's table without the female's consent and against her objections. It is Goggins' understanding

and belief that it was Ortega's own actions which began the series of events leading to the physical

altercation between he and Brock. (Goggins' Affidavit; Doc. 13, par.1, p.2).

On the night of the incident in question, all of the actions taken by Brock were on his own volition as an individual citizen, or as an officer of the Chilton County Sheriff's Department. (Affidavit of Goggins).

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 S.Ct. 2548, 91 L.E.2d 265 (1986) "The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings." Id. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) Hester v. Brown, 512 F.Supp.2d 1228 (M.D. Ala. 2007).

## ARGUMENT

The plaintiff's claims in this case against the defendant Goggins are barred by the statute of limitations. Plaintiff alleges in his Complaint and Amended Complaint that the incident occurred on or about May 1, 2002. The plaintiff's original Complaint was filed on or about April 30, 2007, almost six (6) years later to the day. The plaintiff filed an Amended Complaint on or about June 14, 2007. The facts of the plaintiff's Amended Complaint also allege that the incident occurred on or about May 1, 2002. The Court's Scheduling Order in this matter allowed for amendments to the pleadings by the plaintiff on or before October 1, 2007. The Court's Scheduling Order also designated that all discovery in the case be completed on or before February 1, 2008. No

amendments were made to the plaintiff's Complaint concerning the alleged date of the incident, and therefore, the plaintiff's claims are barred by the applicable state statute of limitations of two years for assault and battery wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant or employee under the doctrine of *respondeat superior*. See respectively §6-2-38(L), Code of Alabama, 1975; and, §6-2-38(N), Code of Alabama, 1975; see also, Burroughs v. Smurfit Stone Container Corp., 506 F.Supp.2d 1002 (S.D. Ala., 2007); Wint v. Alabama Eye & Tissue Bank, 675 So.2d 383, 386 (Ala.1996). Therefore, based on the undisputed evidence before the Court, the defendant Goggins' Motion for Summary Judgment is due to be granted because the plaintiff's claims are barred by the applicable statute of limitations.

Goggins further asserts to the Court that there is no *respondeat superior* liability. The plaintiff's sole theory of liability against Goggins is based upon *respondeat superior*. In plaintiff's Amended Complaint, the plaintiff asserts that "Goggins allowed Brock to act as a bouncer for the bar, in the presence of Goggins, and did nothing to stop Brock or to dispel the reasonable belief, created by Goggins, in the mind of the plaintiff that Brock was acting as an agent of Goggins and the bar." (Doc. 23, par.7). Plaintiff also alleges that Goggins authorized or ratified the wrongful actions of Brock. (Doc. 23, par.7).

To recover under a theory of *respondeat superior*, the plaintiff must "establish the status of employer and employee – master and servant and establish that the act was done within the scope of the employee's employment. Hester v. Brown, 512 F.Supp.2d 1228 (M.D. Ala.2007)(citing Hendley v. Springhill Memorial Hospital, 575 So.2d 547, 550 (Ala.1990)). The plaintiff has provided no evidence to support the conclusion that Brock was an employee of Goggins or that the alleged tortious acts committed by Brock occurred within the line and scope of his employment with Goggins. In fact, those allegations have been rebutted and the evidence is to the contrary. (Goggins'

Affidavit). Brock was never hired by Goggins as a bouncer or off-duty security guard. Goggins did not authorize or ratify Brock to act on his company or his behalf as an agent, employee or security guard. Goggins did not allow or ratify any actions of Brock to act as a bouncer for the bar or to engage in any physical altercation with the plaintiff Ortega. Goggins did not do or say anything either before, during or after the incident that would have created in the minds of any reasonable person that Brock was acting as an agent or employee of Goggins or Big Time Wings Sports Grill, Inc. (Goggins' Affidavit).

In Media General Operations, Inc. v. Stovall, 2007 WL 3379753 (M.D. Ala. 2007), a police officer working as an off-duty security guard for a high school basketball tournament confronted Christopher Stovall regarding a remark Stovall made while standing in line to purchase tickets. The officer allegedly grabbed Stovall by the arm and requested that he exit the line. Stovall was charged with disorderly conduct and subsequently acquitted. Stovall filed suit against the officer and various other parties alleging assault and battery (among other claims). This court addressed whether the police officer was acting within the "line and scope of his employment" with Media General, the company who hired him as a private security guard, at the time the alleged assault and battery occurred. This court noted that the officer's status, "changed from a security guard to police officer once he witnessed a crime, if he did at all." Once the officer witnessed a crime, he was acting outside the line and scope of his employment as a private security guard.

Although not binding authority on this Court, a case from the Alabama Court of Civil Appeals, Whitley v. Food Giant, Inc., 721 So.2d 207 (Ala.Civ.App. 1998), is also instructive. In Whitley v. Food Giant, the plaintiff grocery store customer filed suit against the grocery story owner after an altercation in the grocery store resulted in his arrest and criminal prosecution. The grocery store owner employed an off-duty security guard who participated in the plaintiff's arrest. The off-

duty security guard grabbed the plaintiff and held him against a wall after witnessing the plaintiff approach a woman with his hand balled into a fist. Other police officers arrived on the scene to assist, and the plaintiff was arrested and charged with resisting arrest and disorderly conduct. He was acquitted of the charges and subsequently filed suit against the off-duty police officer, Food Giant, and other parties. The plaintiff claimed that a jury question existed as to whether the off-duty officer was acting as an agent of the grocery store at the time of the incident in question. The court noted, "the Alabama Supreme Court has held that when an off-duty police officer witnesses an offense for which the perpetrator is arrested, the officer's status changes, and he is then acting within his capacity as a police officer and not in his capacity as a security guard." Id. At 209 (referencing Dinmark v. Farrier, 510 So.2d 819 (Ala. 1987)). The court went on to note that for Food Giant to be liable under the doctrine of *respondeat superior*, [the officer] would have to be acting within the line and scope of his employment with Food Giant when the events complained of occurred." Id. The court held that the grocery store could not be liable for the officer's actions because the actions made the subject of the Complaint occurred after the officer's status had changed from that of an off-duty security guard to a police officer.

To recover against the defendant under the theory of *respondeat superior*, the plaintiff must establish the status of employer and employee and must show that the act was done within the line and scope of the employee's employment. Wells v. Henderson Land & Lumber Co., 200 Ala. 262, 76 So. 28 (1917). An employee's tort is not attributable to his employer if it stems from personal motives and objectives of the employee. Plaisance v. Yelder, 408 So.2d 136 (Ala.Civ.App. 1981).

It is undisputed in this case that at the time of the incident, the defendant Brock was dressed in civilian clothes and was a patron at the sports bar with some other friends. The physical altercation between Brock and the plaintiff Ortega arose out of an incident wherein Mr. Ortega

inappropriately touched a female at the defendant Brock's table without her consent and against her objections leading to a series of events resulting in the physical altercation between Brock and Ortega. (Goggins' Affidavit; Doc. 13). Notwithstanding the undisputed evidence that Brock was not an agent or employee of Goggins and that Goggins did not authorize or ratify Mr. Brock to act on his behalf as an agent, employee or security guard, the physical altercation that is the subject matter of the plaintiff's Complaint was purely a matter stemming from personal motives and objectives of the defendant Brock.

The evidence in this case clearly and substantially supports a finding that Brock was not acting as an agent or employee of the defendant Goggins at the time of the incident and that Goggins did not authorize or ratify any of the actions of Brock. Further, Goggins did nothing to create in anyone's mind that Brock was acting as his agent. Therefore, Goggins cannot be held liable for Brock's actions in this case and summary judgment is due to be granted as to all claims against the defendant Goggins.

RESPECTFULLY SUBMITTED THIS 15TH DAY OF FEBRUARY, 2008.


/s/      N. Gunter Guy, Jr.
N. Gunter Guy, Jr.          (GUY004)
E. Hamilton Wilson, Jr.     (WIL070)
Emily C. Marks              (COO064)
Attorneys for Charles W. Goggins


OF COUNSEL:

Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this February 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Algert Swanson Agricola
Michael Andrew Donaldson
Slaten & O'Connor
105 Tallapoosa St., Ste. 101
Montgomery, AL 36104
Jraagricola@slatenlaw.com; kboothe@slatenlaw.com
 adonaldson@slatenlaw.com; kboothe@slatenlaw.com

Amy Hayes Naylor
104 1st Avenue
P.O. Box 470
Clanton, AL 35046-0470
amyhayesnaylor@bellsouth.net

Charles Nichols Parnell
Parnell & Crum
P O Box 2189
Montgomery, AL  36102-2189
IIIcnparnell@parnellcrum.com

Jock Michael Smith
Brian P. Strength, Esq.
Cochran, Cherry, Givens & Smith, P.C.
306 North Main Street
P.O. Box 830419
Tuskegee, AL 36083
bpinkard@cochranlawtuskegee.com
bstrength@cochranlawtuskegee.com

                              /s/ N. Gunter Guy, Jr.
                              OF COUNSEL